# EXHIBIT 1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

DARWIN HUMBERTO CORTEZ MARTINEZ,

    Plaintiff,

v.

MSC CRUISES S.A. CO.,
MSC MALTA SEAFARERS COMPANY LIMITED,
and MSC CRUISE MANAGEMENT (UK) LTD.,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DARWIN HUMBERTO CORTEZ MARTINEZ, by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, MSC CRUISES S.A. CO., MSC MALTA SEAFARERS COMPANY LIMITED, and MSC CRUISE MANAGEMENT (UK) LTD., and in support thereof, alleges:

### PRELIMINARY ALLEGATIONS

1. This is a Complaint for Damages in excess of $30,000.00 (thirty thousand dollars), exclusive of costs and interest.

2. Plaintiff, DARWIN HUMBERTO CORTEZ MARTINEZ, is a citizen of El Salvador.

3. Defendants, MSC CRUISES S.A. CO., MSC MALTA SEAFARERS COMPANY LIMITED, and MSC CRUISE MANAGEMENT (UK) LTD., are incorporated in a foreign state(s), but do business in Florida through their agent, MSC Cruises (USA) Inc., whose Broward, Florida office is located at: 6750 N. Andrews Ave. Suite 100, Ft. Lauderdale, FL 33309.

4. In view of Defendants doing business in Florida through MSC Cruises (USA) Inc., whose Broward, Florida office is located at: 6750 N. Andrews Ave. Suite 100, Ft. Lauderdale, FL 33309, Defendants committed one or more of the acts stated in F.S. §§ 48.193, 48.081 and/or 48.181; and, as such, Defendants are subject to the jurisdiction of the Courts of this State.[1]

5. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

6. At all times material hereto, Plaintiff worked aboard the vessel, *MSC Poesia* ("the vessel") and held the status of a Jones Act Seaman vis-à-vis the vessel and the named Defendants herein. The vessel was registered in a flag of convenience country and at all times material was operated in navigable waters.

7. At all times material, one or more of the Defendants owned, operated, managed, maintained, and/or controlled the vessel. In addition and/or in the alternative, at all times material, one or more of the Defendants were the agent(s) of the vessel owner, as they were subject to the vessel owner(s)'s control. Further, at all times material hereto, one or more of the Defendants was(were) Plaintiff's employer(s), as they controlled different aspects of Plaintiff's work aboard the vessel.[2]

8. Between September and December 2019, Plaintiff presented to the medical center aboard the subject vessel on several different occasions with complaints of intense headaches; during that same time span, Defendants' shipboard medical personnel, including Defendants' shipboard

---

[1] Defendant, MSC CRUISES S.A. CO., was Florida-registered business as late as September 25, 2020.

[2] Upon information and belief, Defendant, MSC CRUISES S.A. CO., owned the subject vessel; Defendant, MSC MALTA SEAFARERS COMPANY LIMITED, was one of Plaintiff's employers, along with the other named Defendants, and Defendant, MSC CRUISE MANAGEMENT (UK) LTD. controlled some operational aspects of the subject vessel.

doctors and nurses, examined Plaintiff and consistently documented the fact that Plaintiff was suffering from uncontrollable high blood pressure.

9. Despite Defendants' awareness of Plaintiff's consistent complaints of headaches and his consistently high and controllable blood pressure between September and December 2019, Defendants' shipboard medical personnel: i) failed to promptly and/or properly diagnose Plaintiff's underlying medical (*i.e.* kidney) condition; ii) failed to promptly and/or properly treat Plaintiff's underlying medical (*i.e.* kidney) condition; and iii) directly caused Plaintiff further medical injury by negligently prescribing Plaintiff medication contraindicated for, and which aggravated, his underlying medical (*i.e.* kidney) condition; for example, Furosemide.

10. As a result of Defendants above outlined negligent conduct, Defendants directly caused Plaintiff to suffer medical (*i.e.* kidney(s) and cardiovascular) injuries; Defendants' failed to provide Plaintiff prompt, proper and adequate medical treatment aboard the vessel and/or shoreside; and Plaintiff thereby became injured and his underlying medical conditions (*i.e.* kidney and subsequently cardiovascular) became aggravated.

## COUNT I – JONES ACT NEGLIGENCE AGAINST DEFENDANTS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through ten (10) as though originally alleged herein, and further alleges:

11. On or about the above dates, Plaintiff was employed by one or more of the Defendants as a Jones Act seaman and was a member of the vessel's crew.

12. At all times material hereto, it was the duty of one or more of the Defendants to provide Plaintiff with a reasonably safe place to work, including the provision of prompt, proper and adequate medical treatment aboard the vessel and shoreside.

13. Plaintiff's injuries were caused by the fault and negligence of Defendants and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide Plaintiff with a reasonably safe place to work; and/or

   b. Failure to promptly, properly, and adequately diagnose and treat Plaintiff's underlying medical condition when he presented to the vessel's medical center and as he continued to complain as his medical condition and related injuries became aggravated; and/or

   c. Failure to provide Plaintiff with prompt, proper, and adequate medical care when he sought medical attention for his medical conditions and related injuries; and/or

   d. Failure to select, retain and/or utilize competent, skilled and properly trained medical care providers onboard and shoreside with which to provide Plaintiff prompt, proper and adequate medical care; and/or

   e. Failure to carry onboard the vessel proper and adequate medical equipment with which to provide Plaintiff prompt, proper and adequate medical care; and/or

   f. Failure to properly medically manage Plaintiff's medical care after Plaintiff became injured; and/or

   g. Failure to provide prompt, proper, and adequate medical care, which aggravated Plaintiff's medical condition, related injuries, and caused him additional pain and disability; and/or

   h. Failure to timely disembark Plaintiff to provide prompt, proper, and adequate medical treatment ashore without delay; and/or

   i. Sending Plaintiff back to work when he was medically unfit to do so; and/or

   j. Creating a work environment where crewmembers are encouraged to return to work with injuries; and/or

   k. Failure to warn Plaintiff of the dangers of working with a medical injury/ies; and/or

   l. Failure to provide Plaintiff and other crewmembers who were associated with Plaintiff or Plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties, as Defendants' employees, including Plaintiff, were overworked to the point of fatigue; and/or

m. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees, and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

n. Failure to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crewmembers on the vessels the same physical and mental impairments as being drunk. These types of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000); and/or

o. Failure to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996, with respect to the hours of work and rest, as well as other standards, such as ILO 147; and/or

p. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

q. Failure to have a proper, adequate and safe Safety Management System Manual and/or violating the International Safety Management Code.

14. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's medical injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s) in the exercise of reasonable care should have learned of them and corrected them.

15. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but

not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

## COUNT II – UNSEAWORTHINESS AGAINST DEFENDANTS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through ten (10) as though originally alleged herein, and further alleges:

16. On or about the above date, Plaintiff was a seaman and a member of the member of the vessel's crew, which was in navigable waters.

17. At all times material hereto, the vessel was owned, managed, operated and/or controlled by one or more of the Defendant(s).

18. At all times material hereto, one or more Defendants had the absolute, non-delegable duty to provide Plaintiff with a seaworthy vessel on which she served.

19. On or about the above date, the unseaworthiness of the vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The vessel was not reasonably fit for its intended purpose; and/or

   b. The vessel's crew, including Defendants' shipboard doctors, were not properly trained, instructed and/or supervised; and/or

   c. The vessel did not have a fit crew; and/or

   d. The vessel's medical personnel were not properly trained, monitored and/or supervised to promptly, properly, and adequately diagnose and treat Plaintiff's medical condition when he presented to the vessel's medical center and as he continued to complain as his condition became aggravated; and/or

   e. The vessel's medical personnel were not properly trained, monitored and/or supervised to provide Plaintiff with prompt, proper, and adequate medical care when he sought medical attention for his emergency medical condition; and/or

    f. The vessel failed to carry and utilize competent, skilled and properly trained medical care providers on board and shoreside to provide Plaintiff with prompt, proper and adequate medical care; and/or

    g. The vessel failed to carry and utilize proper and adequate medical equipment with respect to treating Plaintiff's conditions; and/or

    h. The vessel failed to carry and utilize properly trained medical providers to medically manage Plaintiff's medical care after he was injured; and/or

    i. The vessel failed to carry and utilize properly trained medical providers to provide Plaintiff prompt, proper, and adequate medical care, which aggravated his injuries and caused him additional pain and disability; and/or

    j. The creation of an environment onboard where the crew and Plaintiff were overworked to the point of being so exhausted that they were not physically fit to carry out their duties.

20. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's medical injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s) in the exercise of reasonable care should have learned of them and corrected them.

21. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job,

including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT III – FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST DEFENDANTS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through ten (10) as though originally alleged herein, and further alleges:

22. On or about the above date, Plaintiff was injured while in the service of the vessel as a Jones Act seaman.

23. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from his employer(s), one or more of the Defendants, until Plaintiff is declared to have reached Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC). Maintenance and cure includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage, whichever is longer. In addition, an MMI declaration must be unequivocal, and if not, any doubts or controversy, regarding whether or not the seaman is at MMI must be resolved in favor of the seaman.

24. To date, Plaintiff has not reached MMI because no doctor has declared that Plaintiff has achieved MMI as it relates to his kidney or cardiovascular injuries; as such, Plaintiff is entitled to receive medical treatment from physicians of his choice as Defendants' expense. *See Costa Crociere, S.p.A. v. Rose*, 939 F.Supp. 1538 (S.D. Fla. 1996) (holding that since seaman had not reached maximum medical improvement, because continued dialysis or kidney transplant offered possibility of betterment in seaman's physical "condition," employer thus had a continuing obligation to provide maintenance and cure).

25. At all times material hereto, Defendant(s) willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and cure, and/or Defendant(s) willfully and callously delayed, failed and/or refused to provide the Plaintiff the level of cure that the Plaintiff needs to achieve MMI, so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

26. At all times material hereto, Defendant(s)'s failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman. As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States.

27. At all times material hereto, Defendant(s)'s unreasonable and/or callous failure to pay or provide Plaintiff with maintenance and cure aggravated Plaintiff's condition and caused him to suffer additional compensatory damages, including, but not limited to, the aggravation of Plaintiff's injuries and further caused him disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT IV – FAILURE TO PROVIDE PROMPT, PROPER AND ADEQUATE MEDICAL CARE AGAINST DEFENDANTS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through ten (10) as though originally alleged herein, and further alleges:

28. On or about the above dates, Plaintiff was employed by one or more of the Defendants as a seafarer and was a member of the vessel's crew. The vessel at all times material sailed in navigable waters.

29. At all times material hereto, it was the duty of Defendant(s) to provide Plaintiff with prompt, proper, and adequate medical care.

30. At all times material hereto, Defendant(s), through the shipboard and/or shoreside physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

   a. Failure to promptly, properly, and adequately diagnose and treat Plaintiff's medical condition(s) and related injuries when he presented to the vessel's medical center and as he continued to complain as his condition/medical injuries became aggravated; and/or

   b. Failure to provide Plaintiff with prompt, proper, and adequate medical care when he sought medical attention for his medical condition(s) and related injuries; and/or

   c. Failure to select, retain and/or utilize competent, skilled and properly trained medical care providers on board and shoreside to provide Plaintiff with prompt, proper and adequate medical care; and/or

   d. Failure to utilize proper and adequate medical equipment with which to provide Plaintiff proper and adequate medical care; and/or

   e. Failure to properly medically manage Plaintiff's medical care after he became injured by Defendants; and/or

   f. Failure to provide Plaintiff prompt, proper, and adequate medical care, which aggravated his underlying medical condition and caused him medical injuries and additional pain and disability; and/or

   g. Failure to timely disembark Plaintiff to provide prompt, proper, and adequate medical treatment ashore without delay; and/or

   h. Sending Plaintiff back to work while he was still medically unfit to do so; and/or

   i. Not reimbursing and/or not timely reimbursing Plaintiff for his out-of-pocket medical expenses, and/or

   j. Not authorizing and/or providing Plaintiff with prompt shoreside medical care, and/or

   k. Prematurely terminating Plaintiff medical care.

31. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's medical injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s) in the exercise of reasonable care should have learned of them and corrected them.

32. As a direct and proximate result of Defendant(s)'s failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

33. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981), which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT V – DISABILIATY CLAIM AGAINST DEFENDANTS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through ten (10) as though originally alleged herein, and further alleges:

34. Pursuant to the employment agreement(s) between Defendants and Plaintiff, Plaintiff is entitled to damages in the event that he suffers a permanent disability and/or is unable to return to her profession as a seafarer as a result of an injury sustained during the course of her employment with Defendants.

35. As a result of the injury outlined above, Plaintiff suffered a permanent disability and/or lost her ability to return to his profession as a seafarer.

36. Clamant hereby demands the maximum disability payment provided by the employment agreement(s) between Plaintiff and Defendants, in addition to, and irrespective of, his rights and causes of action available under the Jones Act and/or General Maritime Law.

**WHEREFORE,** Plaintiff demands all damages entitled by law and contract.

Dated: May 4, 2021.

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ L. Alex Perez*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**L. ALEX PEREZ**
Florida Bar No.: 125452
aperez@lipcon.com